JUDGE HOLWELL

07 CV 5694

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELLY FELIZ,<br><br>                    Plaintiff,<br><br>       - against -<br><br><br>JPMORGAN CHASE & CO.,<br><br>                    Defendants. | NOTICE OF REMOVAL<br><br>Civil Action No.  |

Defendant JPMorgan Chase Bank, N.A., sued incorrectly herein as JPMorgan Chase & Co., hereby files this Notice of Removal pursuant to 28 U.S.C. §1441(a). In support of its Notice of Removal, JPMorgan Chase Bank, N.A. states as follows:

1.      On or about April 30, 2007, plaintiff Nelly Feliz ("Plaintiff") filed a summons and verified complaint in the Supreme Court, New York County, where the matter was assigned Index No. 105839-07. A copy of the summons and complaint is attached hereto as Exhibit "A."

2.      On May 15, 2007, a copy of the summons and complaint was served on JPMorgan Chase Bank, N.A. via the New York Secretary of State.

3.      Pursuant to 28 U.S.C. §§ 1332 and 1348, this Court has jurisdiction over this action because there is complete diversity of citizenship between the parties.

4.      Complete diversity exists in this action because defendant JPMorgan Chase Bank, N.A. is a national banking association with its main office located at 111 Polaris Parkway, Columbus, Ohio 43271, while plaintiff Feliz is an individual residing in the State of New York. See Wachovia Bank v. Schmidt, 126 S.Ct. 921 (2006).

5.    In addition, based on the allegations in the complaint of severe and permanent injury, pain and disability, the amount in controversy will exceed the jurisdictional minimum of $75,000 exclusive of interest and costs.

6.    Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(a).

7.    This Notice of Removal is being filed within 30 days of service of the summons and complaint and accordingly, is timely filed.

8.    Concurrently with the filing of this Notice of Removal, defendant is serving the Notice of Removal upon plaintiff and filing a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, defendant JPMorgan Chase Bank, N.A. requests that this action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Dated:   New York, New York
         June 14, 2007

_____
Joseph R. Geoghegan (JG 7693)
EDWARDS ANGELL PALMER & DODGE, LLP
90 State House Square
Hartford, CT 06103
(860) 525-5065
jgeoghegan@eapdlaw.com
Attorneys for Defendant
**JPMorgan Chase Bank, N.A.**

NYC_HFD_178598_1.DOC

## CERTIFICATE OF SERVICE

I certify that on the 14th day of June 2007, I caused a true copy of defendant's Notice of

Removal to be served upon the following party, via first-class U.S. Mail, postage prepaid.


Dated:      New York, New York
            June 14, 2007

                                        JOSEPH R. GEOGHEGAN

Derek T. Smith, Esq.
Akin & Smith, LLC
Attorneys for Plaintiff
305 Broadway, Suite 1101
New York, NY 10007

NYC_HFD_178598_1.DOC

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/21/2007
Log Number 512239124

TO:     Carl Del Vecchio
        JPMorgan Chase Bank, N.A.
        1 Chase Manhattan Plaza - 20th Floor, Legal Department
        New York, NY, 10081-

RE:     **Process Served in New York**

FOR:    JPMorgan Chase & Co. (Cross Ref Name) (Domestic State: N/A)
        JPMorgan Chase Bank, N.A. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nelly Feliz, Pltf. vs. JPMorgan Chase & Co., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY
Case # 105839/07 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On 04/02/2007 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/21/2007 postmarked on 05/17/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Derek T. Smith
Akin & Smith, LLC
305 Broadway, Suite 1101
New York, NY, 10007
(212) 587-0760 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 05/15/2007. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 798179193987
Image SOP - Page(s): 12 |
| **SIGNED:**
**PER:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
Christopher Tilton
111 Eighth Avenue
New York, NY, 10011
212-894-8940 |

Page 1 of 1 / ND

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
JPMORGAN CHASE & CO.                             FELIZ, NELLY

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
13TH FLOOR
NEW YORK, NY 10017

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 05/15/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

                                        Very truly yours,
                                        Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index # 105834/07
Date of Purchase: 4/30/07

---------------------------------------X

NELLY FELIZ,

Plaintiff designates:
NEW YORK County as the
place of trial

                                    Plaintiff(s),

         -against-

The basis of venue is
Plaintiff's residence

JPMORGAN CHASE & CO.,

**SUMMONS**

                                    Defendant(s)

Plaintiffs reside at

---------------------------------------X

608 West 191st Street #33
New York, New York 10040
County of New York

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    April 18, 2007
        New York, New York

                    AKIN & SMITH, LLC
                    Attorney for Plaintiff(s)

                    By: Derek T. Smith, Esq.
                    305 Broadway, Suite 1101
                    New York, New York 10007
                    (212) 587-0760

Defendant's address:

JPMORGAN CHASE & CO.
*** VIA SECRETARY OF STATE ***

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. *105839/01*

*D/F: 4/30/07*

----------------------------------------X

NELLY FELIZ,

                Plaintiff(s),

VERIFIED COMPLAINT

    -against-

JPMORGAN CHASE & CO.,

               Defendant(s).

----------------------------------------X

    Plaintiff, by her attorneys, AKIN & SMITH, LLC upon information and belief complain of the defendant(s) herein as follows:

1.    That at all times herein mentioned, plaintiff, NELLY FELIZ, was and still is a resident of the County, City and State of New York.

2.    That at all times herein mentioned, defendant, JPMORGAN CHASE & CO., was and still is a domestic corporation duly organized and existing pursuant and by virtue of the laws of the State of New York.

3.    That at all times herein mentioned, defendant, JPMORGAN CHASE & CO., was and still is a domestic corporation conducting business in the State of New York.

4.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., owned a certain premises designated and more commonly known as CHASE BANK located at 1421 St. Nicholas Avenue, in the County, City and State of New York.

5.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s)

and/or employee(s) managed the aforesaid premises.

6.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) maintained the aforesaid premises.

7.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) controlled the aforesaid premises.

8.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) inspected the aforesaid premises.

9.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) attempted to make repairs at the aforesaid premises.

10.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO. operated a bank at the above location.

11.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO. operated a banking machine ("ATM") at the above location.

12.    That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., individually and/or through its agent, servant and/or employee, manufactured the banking machine(s) ("ATM's") at the above location.

13.    That on or about April 2, 2007, while the plaintiff, NELLY FELIZ, was lawfully at the aforementioned premises.

14. At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain an injury while withdrawing cash from an ATM machine.

15. At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain injuries due to a dangerous and defective condition then and there existed.

16. At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain injuries when the cash door of the ATM sliced down on Plaintiff's hand.

17. At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain injuries as a direct result of the negligent acts and/or omissions of the defendant(s), their agent(s), servant(s) and/or employee(s).

18. That the plaintiff's injuries were due wholly to the negligence of the defendant(s) and without any contributory negligence on the part of the plaintiff herein.

19. That the defendant(s) were negligent in the ownership, operation, management, control, maintenance, inspection and repair of the aforesaid premises; in allowing and permitting same to become and remain in a dangerous, defective and trap-like condition so that plaintiff and others were put in a position of danger; in causing and creating the hazardous condition; in allowing the dangerous condition to remain without remedying same;

in not warning persons thereat of the dangerous condition then and there existing; in failing to post a warning of the hazardous condition; in failing to maintain said machine in a safe condition for those lawfully using same; in failing to correct or remove the said dangerous and unsafe condition although the defendants, their agent(s), servant(s) and/or employee(s) knew or should have known thereof in the exercise of reasonable care; in that said condition remained at a time when the defendants, their agent(s), servant(s), and/or employee(s) knew of should have known that an incident, such as the instant incident, would take place; and in otherwise being negligent in causing the plaintiff to sustain serious personal injury.

20.  That by reason of the foregoing, the plaintiff, NELLY FELIZ, was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick sore, lame and disabled and upon information and belief, will be permanently injured; that she has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future.

21.  That this action falls within one or more of the exceptions set forth in CPLR 1602 and does not limit the liability of the defendants' joint or several

responsibilities.

22. The plaintiff NELLY FELIZ, demands Judgment against the defendant in an amount, which exceeds the jurisdictional limits of all lower Courts.

### FIRST CAUSE OF ACTION
### BREACH OF EXPRESS AND IMPLIED WARRANTY

1. All above paragraphs are included herein as if set forth fully at length.

2. That defendant warranted that said ATM was fit for the purpose for which it was intended.

3. That the defendant expressly and impliedly warranted that said ATM was safe in every respect, and had been manufactured, produced, distributed and warranted it was good, safe and proper to use.

4. That the defendant expressly and impliedly warranted that said ATM was of merchantable quality and was safe for use.

5. That the defendant warranted that the above ATM was reasonable safe for its intended purposes.

6. That relying on said express and implied warranties of the defendant, plaintiff used the said ATM.

7. That defendant breached its warranties made to.

8. That as a result of defendant's breach of its warranties, express and/or implied, plaintiff suffered severe pain, and other serious injuries.

9. That by reason of the aforesaid breach, plaintiff suffered severe injury, all to her great damage.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

10. All above paragraphs are included herein as if set forth fully at length.

11. That the aforesaid injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees in the production, preparation, manufacture, care of, research of, distribution, storing and sale of the aforesaid ATM, in failing to ascertain that said ATM was unfit for use, in failing to inspect, timely inspect and/or properly inspect said product, in failing to warn plaintiff of the dangers in using said ATM, in failing to test and/or properly test said ATM to ascertain its fitness for use, in failing to note and adhere to industry standards in the use and manufacture and warning, in failing to install a protective guard, sensor, blunt/soft edge, force regulator, to prevent the herein occurrence, and otherwise being negligent under the circumstances.

12. That the herein negligence of the defendant was the proximate cause of Plaintiff's injuries.

13. That solely by reason of the aforesaid negligence of the defendant, plaintiff suffered severe injury, all to her great damage.

## THIRD CAUSE OF ACTION
### FAILURE TO WARN

14. All above paragraphs are included herein as if set forth fully at length.

15. That defendant failed to warn and properly warn plaintiff and other users of the dangers existing at the above ATM.

16. Defendant failed to give plaintiff an opportunity to avoid the herein occurrence.

17. Defendant were negligent in the warning to plaintiff of the risks or dangers in using the above ATM.

18. That by reason of the aforesaid failure to warn and properly warn, plaintiff suffered severe injury, all to her great damage.

### FOURTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY

19. All above paragraphs are included herein as if set forth fully at length.

20. That the said ATM was dangerous and defective and that said defect was a substantial factor in causing the injury to plaintiff.

21. That defendant assumed a strict liability to all persons to whom they could reasonably foresee would be injured by the said and dangerous condition of said ATM which was not fit for the purpose intended.

22. That defendant defectively designed the above ATM.

23. That by reason of the foregoing, the defendant, its agents, servants, licensees, and/or employees are liable to the plaintiff for strict liability and tort and/or strict products liability.

24. That by reason of the foregoing, plaintiff suffered severe injury, all to her great damage.

25. That at all times herein, defendant was wanton, reckless and constituted gross negligence.

WHEREFORE, plaintiff, NELLY FELIZ, demands Judgment against the defendant in an amount, which exceeds the jurisdictional limits of all lower Courts, together with costs and disbursements.

DATED:     New York, New York
           April 18, 2007

Respectfully Submitted

AKIN & SMITH, LLC
Attorneys for Plaintiff(s)

DEREK T. SMITH, ESQ.
Office and P.O. Address
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
NELLY FELIZ,

                              Plaintiff(s),

        -against-

JPMORGAN CHASE & CO.,

                              Defendant(s).
------------------------------------------X

Index No. 105839/07

D/F. 4/30/07

---

SUMMONS AND VERIFIED COMPLAINT

---

AKIN & SMITH, LLC
Attorneys for Plaintiff(s)
305 Broadway, Suite 1101
New York, New York 10007
Tel. (212) 587-0760

JPMC#CW90692

ORIGINAL

## EXHIBIT A
### INSURANCE COVERAGE

During the term of a Schedule NCR will provide, pay for and maintain in full force and effect the insurance outlined herein for coverages at not less than the prescribed minimum limits of liability, covering NCR activities, those of any and all Subcontractors, or anyone directly or indirectly employed by any of them, or anyone for whose acts any of them may be liable. NCR reserves the right to self-insure any or all required limits set forth herein.

1. *Commercial General Liability Insurance* (Primary and Umbrella/Excess) with limits of not less than Fifteen Million Dollars ($15,000,000) per occurrence and in the aggregate for bodily injury, personal injury and property damage. Coverages must include the following: Blanket Contractual liability, products and completed operations, independent contractors, and severability of interest. Annually, JPMC and its Affiliates are to be named as Additional Insureds, but only as to the liability arising out of NCR's General Indemnification under **Section 12.2**.

2. Workers' Compensation Insurance in compliance with statutory limits and Employer's Liability Insurance with limits of not less than One Million Dollars ($1,000,000).

3. Automobile Liability Insurance covering liability arising out of any auto (owned, hired and non-owned) if used in connection with work to be performed under this Agreement, with limits of not less than One Million Dollars ($1,000,000) per occurrence and in the aggregate for bodily injury and property damage. Annually, JPMC and its Affiliates are to be named as Additional Insureds, but only as to the liability arising out of NCR's General Indemnification under *Section 12.2*.

4. Crime Insurance covering any loss caused by the dishonesty of NCR's or Subcontractor's employees. In limits of not less than One Million Dollars ($1,000,000) per occurrence said insurance to name JPMC and its Affiliates as Loss Payees on any Proof of Loss filed in connection with services provided under this Agreement. This insurance shall be maintained during the term of this Agreement and for at least two years thereafter.

All insurance shall be written through companies having an A.M. Best's rating of at least A VII or with such other companies as may reasonably be approved by JPMC. All such liability insurance maintained by NCR or any Subcontractor shall include the condition that it is primary and that any such insurance maintained by JPMC or any other additional insured is excess and non-contributory.

Certificates of Insurance evidencing such coverages shall be furnished JPMC prior to commencement of this Agreement and at each subsequent policy renewal date. The Certificates shall state that the insurance company will endeavor to provide not less than thirty (30) days written notice to JPMC prior to policy cancellation or non-renewal.

The required coverages referred to and set forth in this Section shall in no way affect, nor are they intended as a limitation of, NCR's liability with respect to the performance of its obligations under this Agreement. With respect to workers compensation insurance, NCR must waive and must require that its insurers waive their rights of subrogation against JPMC and its Affiliates, employees, successors and permitted assigns on account of any and all claims NCR may have against JPMC.

JPMC#CW90692



Section 12.2    General Indemnification.

Subject to Section 15.18, a party (the "first party") will defend at its expense any actual or threatened claim or suit brought against the other party by any third party to the extent that the claim is caused by the first party's negligence or willful misconduct and will pay all court costs and monetary damages finally awarded, if the other party gives: (a) prompt written notice of the claim; (b) all requested information about the claim; (c) reasonable cooperation and assistance; and (d) sole authority to defend and settle the claim. This Section states the parties' entire liability for claims by any third party.

Section 12.3    Procedure for Indemnification.

If a party to this Agreement (the "Indemnified Party") seeks indemnification under this **Article 12:**

(a)    The Indemnified Party shall notify the indemnifying party (the "Indemnifying Party") promptly after learning of the occurrence of any event that is asserted to be an indemnifiable event pursuant to this Agreement. If such event involves the claim of any third party and the Indemnifying Party confirms in writing its responsibility for such liability, if established, the Indemnifying Party shall have sole authority to defend and settle the claim provided that if the settlement requires any performance or relinquishing of rights by the Indemnified Party, the Indemnified Party's prior written consent is required except as set forth in the third and fourth sentences of Section 12.1. The obligations of the Indemnifying Party set forth in this Section 12.3 are subject to the Indemnified Party's reasonable cooperation and provision of assistance, as may be reasonably requested by the Indemnifying Party.

(b)    The Indemnified Party shall have the right to employ separate counsel in any action or claim and to participate in the defense thereof at the expense of the Indemnifying Party if the: (i) retention of such counsel has been specifically authorized by the Indemnifying Party, or (ii) counsel is retained because the Indemnifying Party does not notify the Indemnified Party within twenty (20) days after receipt of a claim notice that it elects to undertake the defense thereof. The Indemnified Party shall have the right to employ counsel at the Indemnified Party's expense and to participate in such action or claim, including settlement or trial, so long as, in the sole judgment of the Indemnifying Party, such participation does not substantially interfere in the Indemnifying Party's defense of such claim or action.

(c)    The Indemnifying Party shall obtain the prior written approval of the Indemnified Party before entering into any settlement, adjustment, or compromise of such claim or ceasing to defend against such claim, if pursuant to or as a result of such settlement, adjustment, compromise, or cessation, injunctive or other relief would be imposed against the Indemnified Party.

(d)    If the Indemnifying Party does not assume control over the defense of such claim as provided in Section 12.3(a), the Indemnified Party shall have the right to defend the claim in such manner as it may deem appropriate at the cost and expense of the Indemnifying Party, and with the consent of the Indemnifying Party, to settle, adjust, or compromise such claim. The Indemnified Party may settle, adjust, or compromise any such claim without the consent of the Indemnifying Party if the Indemnified Party waives indemnification for such claim.

(e)    The Indemnifying Party shall remit payment for the amount of a valid and substantiated claim for indemnification hereunder promptly upon receipt of a claim notice therefore. Upon the payment in full of any claim hereunder, the Indemnifying Party shall be subrogated to the rights of the Indemnified Party against any person with respect to the subject matter of such claim.

JPMC#CW90692



(f)   In the event that the Indemnifying Party reimburses the Indemnified Party for any third party claim, the Indemnified Party shall remit to the Indemnifying Party any reimbursement that the Indemnified Party subsequently receives for such third party claim.

(g)   Notwithstanding anything contained in this Section 12.3 to the contrary, and notwithstanding any confirmation by the Indemnifying Party in accordance with Section 12.3(a), the Indemnifying Party reserves all rights associated with any such claim and liability. In the event that the Indemnifying Party has confirmed in writing its responsibility for the liability, if established, in accordance with Section 12.3(a) above, and in the event it is determined that, as between the Indemnifying Party and the Indemnified Party that the Indemnifying Party has no responsibility, or diminished responsibility, for the liability, if established, the Indemnified Party shall immediately reimburse the Indemnifying Party for any judgment, settlement or other expense paid or otherwise incurred in connection with the Indemnifying Party's resolution of the claim, in proportion to the Indemnified Party's share of the liability.

### ARTICLE 13
### SOURCE CODE ESCROW

Upon execution of a Schedule in which the parties mutually agree that a Licensed Program will be escrowed, the parties shall execute a Software Escrow Agreement substantially similar in the form set forth in **Exhibit B** attached hereto.

### ARTICLE 14
### CHANGE OF CONTROL

In the event that JPMC, or any of its Affiliates, acquires or is acquired by any Person with a contractual relationship with NCR for the provision of goods, services, deliverables, software or other information technology, or in the event that NCR acquires, or is acquired by, any Person with a contractual relationship with JPMC for the provision of goods, services, deliverables, software or other information technology, then JPMC shall have the right, at its option, to either: (a) terminate such other contractual relationship and add the goods, services, deliverables, the software, and/or the other information technology that are provided as part of that contractual relationship, or any portion thereof, to this Agreement by means of a new Schedule, without any additional charge, or (b) terminate this Agreement and add the goods, services, deliverables, the software, and/or the other information technology that are provided hereunder to such other agreement, without any additional charge. In the event an agreement is terminated pursuant to this **Article 14**, then the terms of the surviving agreement (including without limitation, the pricing terms) shall apply to all services provided by NCR to JPMC under the surviving agreement.

### ARTICLE 15
### GENERAL TERMS AND CONDITIONS

Section 15.1   Amendment or Modification.

Any amendment or modification of any provisions of this Agreement and/or any Schedule hereto or any right, power or remedy hereunder or thereunder shall not be effective unless made in writing and signed by the party against whom enforcement of such amendment or modification is sought. No failure or delay by either party in exercising any right, power or remedy with respect to any of its rights hereunder shall operate as a waiver thereof in the future.