UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No. 07-CV-05694(RJH)
-------------------------------------------------------X
NELLY FELIZ,

                Plaintiff,                    **AMENDED COMPLAINT**

     -against-

JPMORGAN CHASE & CO.,

                                   **PLAINTIFF DEMANDS A JURY**

                Defendant.
-------------------------------------------------------X

       Plaintiff, by her attorneys, AKIN & SMITH, LLC upon information and belief complain of the defendant herein as follows:

1. That at all times herein mentioned, plaintiff, NELLY FELIZ, was and still is a resident of the County, City and State of New York.

2. That at all times herein mentioned, defendant, JPMORGAN CHASE & CO., was and still is a domestic corporation duly organized and existing pursuant and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, defendant, JPMORGAN CHASE & CO., was and still is a domestic corporation conducting business in the State of New York.

4. That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., owned a certain premises designated and more commonly known as (CHASE BANK) located at 1421 St. Nicholas Avenue, in the County, City and State of New York.

5. That Defendant and/or its agent(s) manufactured the ATM machine(s) located thereat.

6. That Defendant and/or its agent(s) operated the ATM machine(s) located thereat.

7. That Defendant and/or its agent(s) controlled the ATM machine(s) located thereat.

8. That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) managed the aforesaid premises.

9. That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) maintained the aforesaid premises.

10. That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) controlled the aforesaid premises.

11. That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) inspected the aforesaid premises.

12. That at all times herein mentioned, the defendant, JPMORGAN CHASE & CO., by its agent(s), servant(s) and/or employee(s) attempted to make repairs at the aforesaid premises.

*13.* That on or about April 2, 2007, while the plaintiff, NELLY FELIZ, was lawfully at the aforementioned premises.

*14.* At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain an injury while withdrawing cash from an ATM machine.

15. At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain injuries due to a dangerous and defective condition then and there existed.

16. At the aforementioned time and place, the plaintiff, NELLY FELIZ, was caused to sustain injuries as a direct result of the negligent acts and/or omissions of the defendant(s), their agent(s), servant(s) and/or employee(s).

17. That the plaintiff's injuries were due wholly to the negligence of the defendant(s) and without any contributory negligence on the part of the plaintiff herein.

18. That the defendant(s) were negligent in the ownership, operation, management, control, maintenance, inspection and repair of the aforesaid premises; in allowing and permitting same to become and remain in a dangerous, defective and trap-like condition so that plaintiff and others were put in a position of danger; in causing and creating the hazardous condition; in allowing the dangerous condition to remain without remedying same; in not warning persons thereat of the dangerous condition then and there existing; in failing to post a warning of the hazardous condition; in failing to maintain said machine in a safe condition for those lawfully using same; in failing to correct or remove the said dangerous and unsafe condition although the defendants, their agent(s), servant(s) and/or employee(s) knew or should have known thereof in the exercise of reasonable care; in that said condition remained at a time when the defendants, their agent(s), servant(s), and/or employee(s) knew of should have known that an incident, such as the instant incident, would take place; and in otherwise being negligent in causing the plaintiff to sustain serious personal injury.

19. That the aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendants, their agents, servants and/or employees in causing, permitting and allowing the aforesaid ATM machine to be, become and remain in a broken, defective, hazardous, traplike and dangerous condition; in failing to inspect, timely inspect and/or properly inspect said ATM machine to determine and ascertain the dangers existing thereat; in failing to repair, timely repair and/or properly repair said ATM machine; in failing to place barricades or other warning devices thereat to

warn plaintiff of the dangers existing thereat; in failing to give the plaintiff herein an opportunity to avoid this occurrence; and in the gross, wanton, reckless and willful acts of the defendants, their agents, servants and/or employees; and in generally being careless, reckless and negligent in the premises and failing to exercise reasonable care and prudence therein; Defendants, their agents servants and/or employees was further negligent in designing, manufacturing, assembling, inspecting, servicing, distributing and/or selling of dangerous, defective and unsafe ATM machine parts and/or computerized ATM machine equipment; in failing to maintain, furnish and provide proper safeguards on same at the time of its manufacture, sale and installation; in failing to maintain, furnish and provide proper safety devices on same prior to the happening of this occurrence; in permitting, allowing, causing and suffering said ATM machine and/or computerized ATM machine equipment to be, become and remain in a defective, unsafe, improper, dangerous and unlawful condition at the time of their manufacture, sale and installation; in failing to use reasonable care, skill and judgment in designing, inspecting, testing, adjusting and installing said ATM machine and/or computerized ATM machine equipment; in failing to discover that same were in a defective and dangerous condition; in failing to warn the plaintiff of the dangerous and defective condition of said ATM machine and/or computerized ATM machine equipment and with respect to the dangers inherent in the utilization of same, although the defendant, its agents, servants and/or employees knew or should have known of said dangers by the use of ordinary and reasonable care, inspection and supervision during the designing, manufacturing, assembling and installation of same; in failing

to transmit appropriate literature or other written material published by the defendant or other person so as to advise the owners of said ATM machine and the plaintiff as to the dangerous condition of said ATM machine and/or computerized ATM machine equipment prior to this occurrence and at the time of its manufacture and sale; in rendering the ATM machine where the aforesaid parts and equipment were installed unsafe and dangerous; in failing to remedy the aforesaid dangerous conditions prior to the happening of this occurrence; in failing to comply with the industry standard for ATM machine safety requirements; in failing to insure that said ATM machine and the aforesaid parts and equipment were in a proper, safe and reasonable condition for the use for which they were intended; in causing, permitting, allowing and/or suffering said ATM machine and the parts and equipment aforesaid to be, become and remain unfit for normal use and for the purposes for which they were intended in that they lacked the necessary quality and safety to make them adequate and proper for said use; in that said ATM machine and the aforesaid ATM machine and equipment failed to meet proper standards; in thereby exposing the plaintiff herein to a position of danger and peril in wanton disregard of said plaintiff's safety; in failing to use reasonable care which would have prevented the happening of this occurrence; in failing to give the plaintiff herein an opportunity to avoid this occurrence; and in the gross, wanton, reckless and willful acts of the defendant, its agents, servants and/or employees; and in generally being careless, reckless and negligent in the premises and failing to exercise reasonable care and prudence therein. Plaintiff also relies upon the doctrine of Res Ipsa Loquitur but reserves the right to prove defendants were negligent as

hereinafter set forth.

20. That by reason of the foregoing, the plaintiff, NELLY FELIZ, was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick sore, lame and disabled and upon information and belief, will be permanently injured; that she has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future.

21. That this action falls within one or more of the exceptions set forth in CPLR 1602 and does not limit the liability of the defendants' joint or several responsibilities.

## FIRST CAUSE OF ACTION
## BREACH OF EXPRESS AND IMPLIED WARRANTY

22. All above paragraphs are included herein as if set forth fully at length.

23. That defendant warranted that said ATM machine was fit for the purpose for which it was intended.

24. That the defendant expressly and impliedly warranted that said ATM machine was safe in every respect, and had been manufactured and warranted it was good, safe and proper to use.

25. That the defendant expressly and impliedly warranted that said ATM machine was of merchantable quality and was safe for use.

26. That relying on said express and implied warranties, plaintiff received and proceeded to use the said product.

27. That as a result of defendant's breach of their warranty, express and/or implied,

        plaintiff suffered severe pain, and other serious injuries.

28. That solely by reason of the aforesaid breach, plaintiff suffered severe injury, all to her damage in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

29. All above paragraphs are included herein as if set forth fully at length.

30. Defendants were negligent in failing to properly maintain, service, inspect and repair said ATM machine.

31. That the aforesaid injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees in the production, preparation, manufacture, care of, research of, distribution, storing and sale of the aforesaid product, in failing to ascertain that said product was unfit for human use, in failing to inspect, timely inspect and/or properly inspect sad product, in failing to warn plaintiff of the dangers in using said product, in failing to test and/or properly test said product to ascertain its fitness for use, in failing to note and adhere to industry standards in the use and manufacture and warning, and otherwise being negligent under the circumstances.

32. That solely by reason of the aforesaid negligence of the defendant, plaintiff suffered severe injury, all to her damage in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION
## FAILURE TO WARN

33. All above paragraphs are included herein as if set forth fully at length.

34. Defendant failed to label and properly label the aforesaid ATM machine.

35. Defendant failed to give plaintiff an opportunity to avoid the herein occurrence.

36. Defendant was negligent in the labeling and in the warning to plaintiff.

37. That solely by reason of the aforesaid failure to warn and properly warn, plaintiff suffered severe injury, all to her damage in an amount to be determined at the time of trial.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY

38. All above paragraphs are included herein as if set forth fully at length.

39. That the said product was defective and that said defect was a substantial factor in causing the injury to plaintiff.

40. That by reason of the foregoing, the defendant, it agents, servants, licensees, and/or employees are liable to the plaintiff for strict liability and tort and/or strict products liability.

41. That by reason of the foregoing, plaintiff suffered severe injury, all to her damage in an amount to be determined at the time of trial.

42. That at all times herein, defendants act were wanton, reckless and constituted gross negligence.

43. The plaintiff NELLY FELIZ, demands Judgment against the defendant in an amount, which exceeds the jurisdictional limits of all lower Courts.

Plaintiff demands a jury of all issues to be tried.

WHEREFORE, plaintiff, NELLY FELIZ, demands Judgment against the defendant in an amount, which exceeds the jurisdictional limits of all lower Courts, together with costs and disbursements.

DATED:   New York, New York
         September 7, 2007

                                    Respectfully Submitted

                                    AKIN & SMITH, LLC
                                    Attorneys for Plaintiff(s)

                                    _____
                                    DEREK T. SMITH, ESQ.
                                    Office and P.O. Address
                                    305 Broadway, Suite 1101
                                    New York, New York 10007
                                    (212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        Civil Action No. 07-CV-05694(RJH)
-------------------------------------------------------X
NELLY FELIZ,

                        Plaintiff,

      -against-

JPMORGAN CHASE & CO.,

                                  **PLAINTIFF DEMANDS A JURY**

                        Defendant.
-------------------------------------------------------X

_____

## **AMENDED COMPLAINT**
_____

**AKIN & SMITH, LLC**
**Attorneys for Plaintiff(s)**
**305 Broadway, Suite 1101**
**New York, New York 10007**
**Tel. (212) 587-0760**