UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELLY FELIZ,<br><br>      Plaintiff,<br><br>- against -<br><br>JPMORGAN CHASE & CO.,<br><br>      Defendants. | **ANSWER TO AMENDED COMPLAINT**<br><br>Civil Action No.  07-cv-05694(RJH)<br><br><br>October 16, 2007 |

   Defendant JPMorgan Chase Bank, N.A., sued incorrectly herein as JPMorgan Chase & Co. ("Defendant" or "JPMorgan"), through its undersigned counsel, hereby answers the September 7, 2007 *Amended Complaint* ("*Complaint*") of plaintiff Nelly Feliz ("Plaintiff" or "Feliz").  All responses are on behalf of JPMorgan Chase Bank, N.A.

   1.  Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 1 of the *Complaint* and, therefore, leaves Plaintiff to her proof.

   2.  Defendant admits that it is a national banking association and that it is duly organized.   The remaining allegations contained in paragraph 2 of the *Complaint* are denied.

   3.  Defendant denies the allegations contained in paragraph 3 of the *Complaint* in that it is, in actuality, a national banking association.  Defendant admits that it does business within the state of New York.

   4.  Defendant admits the allegations contained in paragraph 4 of the *Complaint*.

5. Defendant denies the allegations contained in paragraph 5 of the *Complaint*.

6. Defendant objects to paragraph 6 of the *Complaint* in that the term "operated" is overly broad, vague, and ambiguous, and potentially calls for a legal conclusion. Therefore, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the *Complaint*.

7. Defendant denies the allegations contained in paragraph 7 of the *Complaint*.

8. Defendant admits the allegations contained in paragraph 8 of the *Complaint*.

9. Defendant admits the allegations contained in paragraph 9 of the *Complaint*.

10. Defendant denies the allegations contained in paragraph 10 of the *Complaint*.

11. Defendant admits the allegations contained in paragraph 11 of the *Complaint*.

12. Defendant denies the allegations contained in paragraph 12 of the *Complaint*.

13. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 13 of the *Complaint* and, therefore, leaves Plaintiff to her proof.

HFD 182829.1    NYC_182829_1

14. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 14 of the *Complaint* and, therefore, leaves Plaintiff to her proof.

15. Defendant denies the allegations contained in paragraph 15 of the *Complaint*.

16. Defendant denies the allegations contained in paragraph 16 of the *Complaint*.

17. Defendant denies the allegations contained in paragraph 17 of the *Complaint*.

18. Defendant denies the allegations contained in paragraph 18 of the *Complaint*.

19. Defendant denies the allegations contained in paragraph 19 of the *Complaint*.

20. Defendant denies the allegations contained in paragraph 20 of the *Complaint*.

21. Defendant does not respond to paragraph 21 of the *Complaint*, which contains not factual allegations but a legal conclusion, except that Defendant refers the Court to the cited section of the CPLR, which speaks for itself.

### FIRST CAUSE OF ACTION
### BREACH OF EXPRESS AND IMPLIED WARRANTY

22. Defendant repeats its responses to paragraphs 1-21 of the *Complaint*.

23. Defendant denies the allegations contained in paragraph 23 of the *Complaint*.

24. Defendant denies the allegations contained in paragraph 24 of the *Complaint*.

25. Defendant denies the allegations contained in paragraph 25 of the *Complaint*.

26. Defendant denies the allegations contained in paragraph 26 of the *Complaint*.

27. Defendant denies the allegations contained in paragraph 27 of the *Complaint*.

28. Defendant denies the allegations contained in paragraph 28 of the *Complaint*.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

29. Defendant repeats its responses to paragraphs 1-28 of the *Complaint*.

30. Defendant denies the allegations contained in paragraph 30 of the *Complaint*.

31. Defendant denies the allegations contained in paragraph 31 of the *Complaint*.

32. Defendant denies the allegations contained in paragraph 32 of the *Complaint*.

## THIRD CAUSE OF ACTION
## FAILURE TO WARN

33. Defendant repeats its responses to paragraphs 1-32 of the *Complaint*.

34. Defendant denies the allegations contained in paragraph 34 of the *Complaint*.

35. Defendant denies the allegations contained in paragraph 35 of the *Complaint*.

36. Defendant denies the allegations contained in paragraph 36 of the *Complaint*.

37. Defendant denies the allegations contained in paragraph 37 of the *Complaint*.

**FOURTH CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY**

38. Defendant repeats its responses to paragraphs 1-37 of the *Complaint*.

39. Defendant denies the allegations contained in paragraph 39 of the *Complaint*.

40. Defendant denies the allegations contained in paragraph 40 of the *Complaint*.

41. Defendant denies the allegations contained in paragraph 41 of the *Complaint*.

42. Defendant denies the allegations contained in paragraph 42 of the *Complaint*.

43. Defendant considers paragraph 43 to be a prayer for relief and to that extent, offers no response thereto; however, to the extent paragraph 43 contains allegations, Defendant denies them.

WHEREFORE CLAUSE

Defendant considers the Wherefore Clause to be a prayer for relief and to that extent, offers no response thereto; however, to the extent the Wherefore Clause contains allegations, Defendant denies them.

### FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused primarily by her own negligence and/or culpable conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused by some preexisting or intervening cause not attributable to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of injury.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to take reasonable steps to prevent her injuries.

Dated:  New York, New York
        October 16, 2007

                                                     /s/ Joseph R. Geoghegan
Joseph R. Geoghegan (JG 7693)
EDWARDS ANGELL PALMER & DODGE, LLP
90 State House Square
Hartford, CT 06103
(860) 525-5065
jgeoghegan@eapdlaw.com
Attorneys for Defendant
**JPMorgan Chase Bank, N.A.**

- 8 -

## CERTIFICATION OF SERVICE

      I hereby certify that on October 16, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

                                                    __/s/ Joseph R. Geoghegan__
                                                    Joseph R. Geoghegan

HFD 182829.1     NYC_182829_1